

U. S. DEPARTMENT OF JUSTICE

William Ihlenfeld
United States Attorney
Northern District of West Virginia

FILED
MAY 29 2024
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Derek W. Hotsinpiller Federal Building
320 West Pike Street
Suite 300
Clarksburg, WV 26301

Phone: (304) 623-7030
FAX: (304) 623-7031

April 9, 2024

**VIA EMAIL**

Frank Walker
3000 Lewis Run Road
Clairton, PA 15025

      Re:   United States v. Timothy Chad Henson, Case No. 1:24-CR-24

Dear Mr. Walker:

      The purpose of this letter is to extend a plea offer to your client, Timothy Chad Henson. It is agreed between the United States and your client as follows.

      1.   Mr. Henson will waive prosecution by indictment and will plead guilty to the attached Information charging him with money laundering in violation of 18 U.S.C. §1957(a).

      2.   The maximum penalty to which Mr. Henson will be exposed by virtue of his plea of guilty is, imprisonment for a term of not more than 10 years, a fine of not more than $250,000.00, a period of supervised release of 3 years, and a special mandatory assessment of $100.00 (18 U.S.C. § 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.

      3.   Mr. Henson will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Henson will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia. Nothing contained in any

_____
Timothy Chad Henson

4/29/24
Date

_____
Frank Walker
Counsel for Mr. Henson

4/30/24
Date

statement or any testimony given by Mr. Henson, pursuant to paragraph 4, will be used against him as the basis for any subsequent prosecution by the United States.

4. Mr. Henson understands that the use immunity granted in this agreement does not cover any statements or admissions that Mr. Henson committed, or was directly involved in committing, a crime of violence. This means that such statements or admissions can be used against Mr. Henson in any state or federal prosecution. In this regard, Mr. Henson admits that, prior to the proffer, pursuant to Miranda v. Arizona, 384 U.S. 436 (1996), he has been adequately advised and warned that any admission that he committed, or was directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is understood that any information obtained from Mr. Henson in compliance with this cooperation agreement will be made known to the sentencing Court although, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Henson's applicable advisory guideline range. Furthermore, if, in the opinion of the United States Attorney's Office, Mr. Henson breaches this plea agreement, then any statement by Mr. Henson made pursuant to this plea agreement and any evidence derived therefrom, directly or indirectly, may be used against him without limitation. The United States agrees not to pursue any other federal crimes known to the United States as of the date of this plea agreement. Moreover, this agreement does not prevent Mr. Henson from being prosecuted for any other violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Henson for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Mr. Henson's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B). Mr. Henson understands, however, that the Court

_____  _____4/29/24_____
Timothy Chad Henson                Date

_____  _____4/30/24_____
Frank Walker                       Date
Counsel for Mr. Henson

Frank Walker
April 9, 2024
Page 3

is not bound by these sentence recommendations, and that Mr. Henson has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

  7. Provided Mr. Henson pays the $100.00 special assessment fees on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following nonbinding recommendations: 1) if, in the opinion of the United States Attorney's Office, Mr. Henson accepts responsibility, or if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) if Mr. Henson gives timely and complete information about his own criminal involvement and provides timely notice of his intent to plead guilty by executing the plea agreement on or before April 30, 2024, the United States will recommend an additional one-level reduction if applicable; and 3) the United States will recommend that any sentence of incarceration imposed be within the applicable guideline range.

  8. If, in the opinion of the United States, Mr. Henson either engages in conduct defined under the Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, including providing a complete and truthful debriefing, then the United States will not be bound to make the foregoing recommendations, and Mr. Henson will not have the right to withdraw the plea.

  9. Pursuant to Sections 6B1.4 (Stipulations (Policy Statement)) and 1B1.3 (Relevant Conduct), the parties stipulate that on or about September 28, 2020, within the Northern District of West Virginia, Mr. Henson did knowingly engage and attempt to engage in a monetary transaction by, through and to a financial institution, in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, an electronic wire transfer in the amount of $322,900.00 from an account held by Clearfiber Inc. at Main Street Bank, a financial institution as defined in 18 U.S.C. §1965(c)(6), to an account held by Clearfiber Inc. at Clear Mountain Bank, a financial institution as defined in 18 U.S.C. §1965(c)(6), knowing that the funds were derived from a specified unlawful activity, that is, wire fraud in violation of 18 U.S.C. §1343, all of which is in violation of 18 U.S.C. §1957(a).

_____
Timothy Chad Henson

_____
Frank Walker
Counsel for Mr. Henson

4/29/24
_____
Date

4/30/24
_____
Date

The parties further stipulate the Mr. Henson's relevant conduct includes a fraudulent scheme involving his application for and receipt of a grant from the USDA to provide high speed ISP services to rural customers in West Virginia and that in furtherance of that scheme, he submitted 18 invoices to USDA which contained false and misleading statements and resulted in USDA paying the sum of at least $1,190,349.06 to Mr. Henson and/or Clearfiber, Inc. The parties further stipulate that Mr. Henson's relevant conduct includes a fraudulent scheme to procure fiber optic cable without paying the purchase price from Adams Cable Equipment which he then sold to Kyle Enterprises LLC dba Millennium, resulting in a financial loss to Millennium in the amount of $209,000.00 and a financial loss to Adams Cable Equipment in the amount of at least $2,500.00. The parties further stipulate that Mr. Henson's relevant conduct includes that he failed to pay over employment taxes in the amount of at least $345,025.77. The parties further stipulate that the total loss arising from Mr. Henson's crimes, charged and uncharged, is more than $1,500,000.00 but less than $3,500,000.00.

10. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Mr. Henson's background criminal record, offenses charged in the information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Mr. Henson or by his counsel.

11. Mr. Henson understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offense of conviction.

12. Mr. Henson agrees pursuant to 18 U.S.C. §3663A and 18 U.S.C. §3663(a)(3) to pay restitution in the amount of $1,401,849.06 as follows:

_____   4/29/24
Timothy Chad Henson                Date

_____   4/30/24
Frank Walker                       Date
Counsel for Mr. Henson

      a.      to Kyle Enterprises, LLC dba Millennium in the amount of $209,000.00;

      b.      to Adams Cable and Equipment in the amount of $2,500.00; and

      c.      to the United States Department of Agriculture in the amount of at least $1,190,349.06.

13.    Mr. Henson understands that forfeiture will be part of the sentence imposed in this case and agrees to the forfeiture of any property constituting, or derived from, proceeds obtained directly or indirectly as a result of his offense of conviction. Mr. Henson stipulates that the amount of the proceeds of his offense conduct is $322,900.00, which represents the proceeds Mr. Henson received in connection with his role in the money laundering offense. Mr. Henson stipulates that substitute property is subject to forfeiture because, as a result of his acts and omissions, all property subject to direct forfeiture is not available for forfeiture for the reasons described in 21 U.S.C. §853(p)(1)(A)-(E). Until the value of such property subject to direct forfeiture has been forfeited, Mr. Henson will not contest the forfeiture of any substitute asses the government seeks to forfeit. The United States agrees to make a non-binding recommendation to the Money Laundering and Asset Recovery Section at the Department of Justice that any monies obtained from Mr. Henson through forfeiture be distributed to the victims of the offense in accordance with any restitution ordered entered in this case. Notwithstanding any provision in this agreement, any statute, or any rule to the contrary, any property that would otherwise be subject to forfeiture shall not be exempted therefrom because a statement made by Mr. Henson referred to, identified, or led to the identification or location of such property. Mr. Henson hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement Mr. Henson hereby withdraws any claim he may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. Mr. Henson also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Mr. Henson agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Mr. Henson

_____         4/29/24
Timothy Chad Henson                     Date

_____        4/30/24
Frank Walker                             Date
Counsel for Mr. Henson

Frank Walker
April 9, 2024
Page 6

also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Mr. Henson further waives any failure by the Court to advise Mr. Henson of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

      14.    Mr. Henson agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, Mr. Henson agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. Mr. Henson also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access his credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Henson agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. Mr. Henson further agrees that any schedule of payments imposed by the Court represents his minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If Mr. Henson is sentenced to a period of incarceration, he agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, Mr. Henson agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of his payment status or history at that time.

      In order to pay any outstanding criminal monetary penalties, Mr. Henson agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. Mr. Henson hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

_____
Timothy Chad Henson

_____
Frank Walker
Counsel for Mr. Henson

_____
4/29/24
Date

_____
4/30/24
Date

Frank Walker
April 9, 2024
Page 7

    15.    Mr. Henson is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, if Mr. Henson's sentence is within the statutory maximum, then Mr. Henson waives the following rights:

    a.    Mr. Henson knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal his conviction on any ground whatsoever. This includes a waiver of all rights to appeal his conviction on the ground that the statute(s) to which Mr. Henson is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

    b.    Mr. Henson knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of his criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

    c.    Mr. Henson waives the right to challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined inany post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Mr. Henson perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Mr. Henson agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

    This waiver of appellate rights is not intended to represent Mr. Henson's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Mr. Henson from arguing for a sentence below the aforementioned adjusted advisory

_____      4/29/24
Timothy Chad Henson                            Date

_____      4/30/24
Frank Walker                                        Date
Counsel for Mr. Henson

Frank Walker
April 9, 2024
Page 8

Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

16. If Mr. Henson's plea is not accepted by the Court or is later set aside or if Mr. Henson breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

17. The above sixteen paragraphs constitute the entire agreement between Mr. Henson and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Sincerely,

WILLIAM IHLENFELD
United States Attorney

By: /s/ Sarah E. Wagner
Assistant United States Attorney

As evidenced by my signature at the bottom of the eight pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____    4/29/24
Timothy Chad Henson           Date

_____    4/30/24
Frank Walker                  Date
Counsel for Mr. Henson