**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                                    **Criminal No.  1:24-CR-24**
                                                          **(Chief Judge Kleeh)**

**TIMOTHY CHAD HENSON,**

       **Defendant.**

<u>**PRELIMINARY ORDER OF FORFEITURE**</u>

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1956(c)(7)(A), 1961(1), and Title 28, United States Code, Section 2461(c), the Court having made the findings of fact and conclusions of law enumerated below, it is hereby ORDERED that defendant, who has pled guilty to violating Title 18, United States Code, Section 1957(a), forfeit to the United States the following property, which is directly subject to forfeiture:

- proceeds in the amount of $322,900.00.

1.      On May 1, 2024, the grand jury returned an Information alleging that the defendant violated Title 18, United States Code, Section 1957(a). The Forfeiture Allegation in the Information contains notice to the defendant that the government intends to forfeit property in this criminal case.

2.      Title 18, United States Code, Section, 982(a)(1), mandates the forfeiture of any property, real or personal, involved in a violation of Title 18, United States Code, Section 1957, and any property traceable to such property.

3.      On May 29, 2024, during the Rule 11 hearing, the defendant pled guilty to Count One of the Information, alleging the defendant violated Title 18, United States Code, Section 1957(a).  The plea agreement includes the defendant's stipulation that the amount of proceeds of

the offense conduct underlying the conviction is $322,900.00. The defendant further stipulated that substitute property is subject to forfeiture, because, as a result of the defendant's acts and omissions, all property subject to direct forfeiture is unavailable for the reasons described in Title 21, United States Code, Section 853(p)(1), subparagraphs (A)-(E).

4.      The record made during the Rule 11 hearing established that the United States is entitled to the entry of a judgement ordering the defendant to pay $322,900.00.

5.      The Court will not be able to identify before sentencing all property subject to forfeiture. The United States is authorized under Rule 32.2(b)(3) to conduct discovery under the Federal Rules of Civil Procedure to locate additional property that may be forfeited under this Order. When additional property is located, this Order will be amended under Rules 32.2(b)(2)(C) and 32.2(e)(1).

6.      Any forfeited property that is transferred to a victim by the Attorney General pursuant to Title 18, United States Code, Section 982(b)(1) (incorporating Title 21, United States Code, Section 853(i)(1)) shall be set off against the restitution order included in the judgment and commitment order.

This Order of Forfeiture shall become final regarding the defendant at the time of sentencing, and will be made part of the sentence by incorporating this Order by reference in the judgment. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary.

SO ORDERED.

DATED:___June 28, 2024_____

_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE